UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| JASON STRAMPEL, #298033, | Case No. 2:22-cv-84 |
| Plaintiff, | Hon.  Janet T. Neff<br>U.S. District Judge |
| v. | |
| JUSTIN GOFF, et al., | |
| Defendants / | |

## REPORT AND RECOMMENDATION

### I.   Introduction

Plaintiff Jason Strampel filed suit pursuant to 28 U.S.C. §1983 on April 22, 2022.  (ECF No. 1.)  The Court granted Strampel *in forma pauperis* status on April 25, 2022, allowing Strampel to proceed without prepayment of filing fees.  (ECF No. 5.)  As a result, the Court must undertake an initial review of the complaint to determine whether this matter should proceed.

Strampel complains of events underlying his November 2019 criminal trial before the Berrian County Trial Court.  Strampel says that Defendants[1] violated his

---

[1]    Strampel's complaint lists the following defendants: (1) Berrian County Deputy Justin Goff, (2) Berrian County Trial Court Judge Gordon Hosbein, (3) Assistant Prosecuting Attorney Trevor Maveal, (4) Assistant Public Defender Jeffrey S. Kaplan, (5) Assistant Public Defender Erika Damstetter, (6) the Berrian County Trial Courts, (7) the Berrien County Public Defender's Office, and (7) the Berrien County Prosecuting Attorney's Office.  (ECF No. 1, PageID.2.)  Later in his Complaint, Strampel also sets forth allegations against Assistant Prosecuting Attorney Rory McBryde.  (*Id.*, PageID.7.)

1

First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights and engaged in a civil conspiracy, committed malpractice, abused the legal process, acted with gross negligence, and intentionally inflicted emotional distress on Strampel throughout his trial. (ECF No. 1, PageID.3.) More specifically, Strampel alleges that Defendants either perjured themselves or allowed perjured testimony into the record, failed to collect evidence, failed to turn evidence over to Strampel, improperly handled evidence, failed to consider Strampel's objections to the proceedings, and conspired to "gaslight" Strampel during trial. (*Id.*, PageID.5-11.) Strampel also says that he filed a civil suit against his attorneys and the Berrien County Public Defender's Office in the Berrien County Trial Court, but that the court improperly dismissed his case. (*Id.*, PageID.11-12.)

As relief, Strampel asks for "Defendant[s] to be held accountable to not be able to practice law again. Criminal charge for the torture. To be subjected to the same [punishment] [Strampel] was forced to [survive]." (ECF No. 1, PageID.4.) He also asks for $20,000,000 in damages. (*Id.*)

The undersigned respectfully recommends that the Court dismiss this case. Though Strampel does not overtly seek release from custody, his federal claims implicate the lawfulness of his conviction, and Strampel has not shown that his conviction has been invalidated. As such, Strampel's claims are barred by the *Heck* doctrine. With respect to Strampel's state law claims, the undersigned respectfully recommends that the Court decline to exercise supplemental jurisdiction.

2

## II.     Factual Allegations

Strampel is currently incarcerated with the Michigan Department of Corrections (MDOC) at Kinross Correctional Facility in Kincheloe, Michigan. According to the MDOC's Offender Tracking Information System (OTIS), Strampel is serving a sentence of six to nineteen years' imprisonment for operating while intoxicated causing serious injury, and a sentence of one year and eleven months to twenty years for possession of methamphetamine. *See* MDOC, Offender Tracking and Information System (OTIS) – Offender Profile, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=298033.

Strampel says that his trial for these crimes took place in November of 2019 in the Berrien County Trial Court. (ECF No. 1, PageID.5.) According to Strampel, Judge Gordon Hosbein oversaw the trial. (*Id.*, PageID.9.) Trevor Maveal and Rory McBride of the Berrien County Prosecuting Attorney's Office served as the prosecuting attorneys in Strampel's case. (*Id.*, PageID.7.) Jeffrey S. Kaplan and Erika L. Damstetter the Berrien County Public Defender's Office represented Strampel. (*Id.*, PageID.11.) Deputy Justin Goff of the Berrien County Sheriff's Office was the officer who arrested Strampel. (*Id.*, PageID.5.) Strampel says that Defendants acted in concert to violate his rights and gaslight him throughout his trial.

According to Strampel, Deputy Goff perjured himself on the stand while the remaining Defendants stood by. (*Id.*) Strampel says that in a June 13, 2019 hearing, Goff had testified that one of the victims in the case had two broken legs; it came out

3

during trial that the victim had only a cut and a sprained ankle. Strampel also says that during the June 13 hearing, Deputy Goff testified that his body camera had been on during Strampel's arrest, but during trial Goff testified that his body camera was not recording, and that he knew it was not recording prior to his June 13 testimony. (*Id.*) Strampel goes on to list what he perceives as further inconsistencies in Goff's testimony.

Strampel says that Goff, in addition to perjuring himself, failed to follow police protocol and preserve necessary evidence. (*Id.*) Strampel says that Goff did not take any witness statements or interview the other driver in the car accident underlying his charges. In addition, Goff did not collect any footage of the scene or download information from Strampel's car, which would have helped reconstruct the accident. (*Id.*) Strampel further asserts that Goff did not gain permission to search Strampel's car, and that Goff mishandled a gram of marijuana and an empty bag of meth that Goff found in Strampel's car. (*Id.*, PageID.5-6.)

Turning to Assistant Prosecutors Maveal and McBryde, Strampel asserts that, like Deputy Goff, the prosecutors failed to collect an array of evidence including but not limited to police reports and footage of the accident. (*Id.*, PageID.7.) Strampel also says that the prosecutors also failed to turn over the victims' medical records, and that they utilized a false accident reconstruction. Strampel then alleges that Assistant Prosecutor Maveal alone allowed Goff to perjure himself, committed perjury, and mishandled evidence. (*Id.*)

Strampel goes on to assert that Judge Hosbien also played a role in violating

4

Strampel's rights. (*Id.*, PageID.9.) Strampel alleges that Judge Hosbien has not corrected various inaccuracies in the transcripts of Strampel's trial, including the omission of a November 15, 2019 suppression hearing. Strampel also asserts that Judge Hosbien "did not enforce discovery" and ignored letters that Strampel sent the court regarding Deputy Goff's alleged perjury and Strampel's concerns regarding the effectiveness of his attorneys. (*Id.*)

Moving forward, Strampel asserts that his attorneys were ineffective. (*Id.*, PageID.11.) During a suppression hearing, Assistant Public Defenders Damstetter and Kaplan allegedly "traded [the suppression hearing] for a 'favor [later] on down the road.'" (*Id.*) Then, Strampel says the attorneys went into his trial with no strategy. Strampel says the attorneys never contacted any witnesses, did not look into hiring an expert witness, and did not impeach Deputy Goff for his false statements. (*Id.*)

Finally, Strampel says that the Berrien County Trial Court has refused him discovery, hearings, and trial transcripts. (*Id.*) In addition, Strampel says that he filed a civil suit in the Berrien County Trial Court on October 26, 2021, which the court improperly dismissed based on Strampel's failure to effectuate service. (*Id.*)

### III. Analysis

As set forth above, Strampel asserts that Defendants' alleged conduct violated his rights under a laundry list of constitutional provisions, including the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment. (ECF No. 1, PageID.3.) Strampel further asserts that Defendants conspired against him, committed

5

malpractice, abused the legal process, acted with gross negligence, and intentionally inflicted emotional distress on Strampel throughout his trial. (*Id.*)

Because this Court granted Strampel *in forma pauperis* status, the Court must dismiss the case if it determines that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such a relief." 28 U.S.C. § 1915(e). The undersigned respectfully recommends that the Court dismiss this action because the undersigned determines that Strampel's federal claims are not cognizable under 42 U.S.C. § 1983.

Though Strampel does not seek release from custody, the crux of his complaint is that the individuals and entities involved in his criminal proceedings violated his constitutional rights, resulting in an unfair trial.[2] (ECF No. 1, PageID.10 ("Everything that was done was to deprive me of my due process rights, my right to a fair trial, and depriving me of my freedom. I was clearly subjected to a fraudulent trial, and now I'm falsely imprisoned.").) In *Heck v. Humphrey*, the Supreme Court determined that a claim for monetary damages that implicates the propriety of an individual's conviction or sentence is not cognizable under § 1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or

---

[2] The undersigned acknowledges that in addition to its actions during Strampel's criminal case, Strampel alleges that the Berrien County Trial Court improperly dismissed a civil case Strampel filed against the Defendant attorneys. (ECF No. 1, PageID.11.) Even assuming that Strampel stated claims against the court, the court is immune from suit. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . .").

6

called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. 477, 487 (1994); *see also Sampson v. Garrett*, 917 F.3d 880, 881 (6th Cir. 2019) ("*Heck* blocks a state prisoner's § 1983 claim if its success 'would necessarily imply the invalidity of his conviction or sentence.'" (quoting *Heck*, 512 U.S. at 487)). Strampel does not assert, let alone demonstrate, that his conviction or sentence have been invalidated. Accordingly, his federal claims should be dismissed.

With respect to Strampel's state law claims, the undersigned respectfully recommends that the Court decline to exercise supplemental jurisdiction. In determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Ordinarily, when a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *Id.*

Here, if the Court adopts the undersigned's recommendation and dismisses Strampel's federal claims, the balance of the relevant considerations weighs heavily against the exercise of supplemental jurisdiction. This case is at an incredibly early stage, and the determination that Strampel's federal claims are incognizable suggests that the claims are insufficient to confer subject matter jurisdiction. *Cf. Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996), *amended on denial of reh'g*, No. 95-5120, 1998 WL 117980 (6th Cir. Jan. 15, 1998) (discussing the

"presumption that a 12(b)(6) dismissal of the touchstone claims precludes the exercise of supplemental jurisdiction").

## IV.     Recommendation

The undersigned respectfully recommends that the Court dismiss this case. Though Strampel does not overtly seek release from custody, his federal claims implicate the lawfulness of his conviction, and Strampel has not shown that his conviction has been invalidated. As such, Strampel's claims are not cognizable under 42 U.S.C. § 1983. With respect to Strampel's state law claims, the undersigned respectfully recommends that the Court decline to exercise supplemental jurisdiction.

Dated:   September 29, 2022                                      /s/ *Maarten Vermaat*
                                                                 MAARTEN VERMAAT
                                                                 U. S. MAGISTRATE JUDGE

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).